### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| *SURFCAST, INC.,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:12-cv-333-DBH* |
| | ) | |
| *MICROSOFT CORPORATION,* | ) | |
| | ) | |
| *Defendant* | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The plaintiff, SurfCast, Inc., in this patent infringement action moves to dismiss the third counterclaim and the eighth affirmative defense asserted against it by the defendant, Microsoft Corporation.  Both pleadings allege inequitable conduct, and the plaintiff seeks their dismissal on the grounds that they fail to state a claim upon which relief may be granted.   Plaintiff' SurfCast, Inc.'s Motion to Dismiss Defendant Microsoft Corporation's Third Counterclaim and to Strike Microsoft Corporation's Eighth Affirmative Defense Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) ("Motion") (ECF No. 49) at 1.  I recommend that the court grant the motion.

### I.  Applicable Legal Standards

The plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of the defendant's eighth affirmative defense.  Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

This court has observed:

1

Rule 12(f) motions have not been commonplace either in this Circuit or in this District.  According to the First Circuit, that may be explained by the fact that such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion. . . .   The rationale provided by the Second Circuit is . . . quite sound:

> The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone.  Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing.

*Ashey v. Lily Transp. Corp*., No. CIV. 01-57BS, 2001 WL 705804, at *1 (D. Me. June 18, 2001) (citations and internal quotation marks omitted).  Motions to strike are not only disfavored but also "are rarely granted absent of showing of prejudice to the moving party."  *Andretta v. Bath Iron Works Corp*., No. 01-247-P-C, 2002 WL 576033, at *1 (D. Me. Apr. 12, 2002) (rec. dec., *aff'd* May 13, 2002) (citation and internal quotation marks omitted).

The plaintiff's motion to dismiss the defendant's third counterclaim invokes Fed. R. Civ. P. 12(b)(6).  With respect to Rule 12(b)(6), the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the

plaintiff. *Román-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

## II.  Factual Background

The operative complaint includes the following factual allegations relevant to the instant motion.

The plaintiff is a Delaware corporation with a principal place of business in Portland, Maine.  First Amended Complaint ("Complaint") (ECF No. 19) ¶ 2.  The defendant is a Washington corporation with headquarters in Redmond, Washington.  *Id.* ¶ 3.  Ovid Santoro and Klaus Lagermann, the inventors of U.S. Patent No. 6,724,403, entitled "System and Method for Simultaneous Display of Multiple Information Sources," issued on April 20, 2004, assigned all rights, title, and interest in the patent to the plaintiff in 2001.  *Id.* ¶¶ 10-12.

The defendant infringes the patent by making, using, selling, and offering to sell devices and software products covered by the patent.  *Id.* ¶ 14.  The defendant began offering these products for sale in Maine at various times between November 8, 2010, and November 18, 2012. *Id.* ¶¶ 16-18.

## III.  Discussion

### A.  The Claims

The defendant's eighth affirmative defense provides, in relevant part:

> Surfcast's allegations of infringement of the '403 Patent are barred because the '403 Patent is unenforceable pursuant to 37 C.F.R. § 1.56 and the doctrine of inequitable conduct.  Specifically, Ovid Santoro and Klaus Lagermann (the named inventors of the '403 Patent and the founders of Surfcast), Surfcast (the assignee of the '403 Patent), and/or their counsel … (the "Applicants") failed to disclose certain prior art information, programs, and systems that they had investigated and determined were relevant to Surfcast's purported invention.  Had the Applicants disclosed this information to the examiner, one or more claims of the '403 Patent would not have been allowed based either solely on the withheld information or on the withheld information in combination with other references.  The withheld information is directly contrary to the Applicants' representations to the United States Patent Office ("Patent Office") regarding the novelty of the claims of the '403 Patent.

Defendant's First Amended Answer and Counterclaim to Plaintiff's First Amended Complaint ("Answer") (ECF No. 43-1) at 6-7 (citation omitted).

Count III of the defendant's counterclaim provides, in relevant part:  "Microsoft contends that the claims of the '403 Patent are unenforceable for the reasons given in its Eighth Affirmative Defense of its First Amended Answer to Surfcast's First Amended Complaint."  *Id.* at 13.

Patent case law requires that inequitable conduct be pleaded with particularity.  *Exergen Corporation v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).[1]  The pleading must identify "the specific who, what, when, where, and how of the material misrepresentation or

---

[1] Whether inequitable conduct has been adequately pleaded is a question of Federal Circuit law, because it pertains to or is unique to patent law.  *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007).  "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [Patent Office]."  *Exergen,* 575 F.3d at 1327 n.3.

omission committed before the" Patent Office. *Id.* at 1327. "[A] pleading of inequitable conduct . . . must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent Office]." *Id.* at 1328-29.

A counterclaim alleging inequitable conduct and an affirmative defense based on inequitable conduct rise and fall together. *Senju Pharm. Co. v. Apotex, Inc.*, __ F.Supp.2d __, 2013 WL 444928, at *7 (D. Del. Feb. 6, 2013).

## B.  The "Who"

The plaintiff first argues that the defendant has failed to identify in its pleadings the specific individual or individuals who committed the inequitable conduct.  Motion at 10-11.  The defendant responds that it properly identified the individuals as "Santoro, Lagermann, Surfcast, and/or their counsel."  Defendant Microsoft Corporation's Opposition to Plaintiff Surfcast, Inc.'s Motion to Dismiss Microsoft's Third Counterclaim and Strike Microsoft's Eighth Affirmative Defense ("Opposition") (ECF No. 52-1) at 10.  In the alternative, it seeks leave to amend the pleadings by changing "and/or" to "and."  *Id.* at 12.

The defendant's pleading does not meet the *Exergen* standard.  In that case, the court found the language in seven paragraphs insufficient to establish the "who" element of a claim of inequitable conduct.  575 F.3d at 1325-26.  The specific "who" language was the following:

> The '685 patent is unenforceable due to inequitable conduct by Exergen, its agents and/or attorneys during the prosecution of the application for the '685 patent before the PTO.

*Id.* at 1325.  The court explained:

> First, the pleading refers generally to "Exergen, its agents and/or attorneys," but fails to name the specific individual associated with the

> filing or prosecution of the application issuing as the '685 patent, who both knew of the material information and deliberately withheld or misrepresented it.  The pleading thus fails to identify the "who" of the material omissions and misrepresentation.

*Id*. at 1329 (citation omitted).

The defendant's "who" language in this case is almost identical.  It is accordingly insufficient.  *See also Senju*, 2013 WL 444928, at *7.  Merely removing the "or" from the pleading does not remedy the defect.  The list of possible individuals includes SurfCast, which, as a corporation, cannot be the specific individual who acted inequitably.  *See Exergen*, 575 F.3d at 1329.  It includes two specific individuals and other individuals unspecified by name or in number.  This pleading does not identify the specific individual who committed the alleged inequitable conduct, which is a required element of such a pleading.  *Id.*

### C.  The "What" and "Where"

The plaintiff next contends that the defendant has failed to allege sufficiently the "what" and "where" elements of inequitable conduct.  Motion at 11-12.  The defendant responds that it identified what material was withheld in the eighth affirmative defense in its amended answer.  Opposition at 12-14.  The affirmative defense lists many things that might be considered prior art.  Answer ¶¶ 47-54.

The plaintiff contends, Plaintiff SurfCast, Inc.'s Reply Brief in Support of Its Motion to Dismiss Defendant Microsoft Corporation's Third Counterclaim and to Strike Microsoft Corporation's Eighth Affirmative Defense Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) ("Reply") (ECF No. 56) at 3-4, that this laundry list does not identify which prior art should have been disclosed.  However, these paragraphs may reasonably be read to allege that all of the listed items were not disclosed to the Patent Office and should have been so disclosed.  Accordingly, the "what" element has been satisfied.

With regard to the "where" element of inequitable conduct, however, the defendant falls short.  To allege sufficiently the "where" element of inequitable conduct, the pleading must "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found[.]"  *Exergen*, 575 F.3d at 1329.   The eighth affirmative defense cannot reasonably be read to specify where, in each of the items of prior art, the material information is found, or to tie these specific references to a specific claim in the patent at issue.  *See, e.g., Tessenderlo Kerley, Inc. v. Or-Cal, Inc.* No. C 11-04100 WHA, 2012 WL 1094324, at *4 (N.D. Cal. Mar. 29, 2012).

### D.  The "Why" and the "How"[2]

The plaintiff contends that the defendant has failed to plead adequately "facts sufficient to show not only why the alleged omission was material and not cumulative, but how a patent examiner would have used this material information in assessing patentability."  Motion at 12-13.  This standard is taken from *Exergen*, 575 F.3d at 1329-30.  The defendant responds that paragraph 51` of its amended answer meets this standard.  Opposition at 15-16.

It does not.  The paragraph contains no suggestion of how a patent examiner would have used the allegedly material omitted information.  In addition, the paragraph refers to only one "example" of allegedly material prior art that was omitted from the plaintiff's patent application.  Is the court to assume that none of the other alleged prior art listed in the defendant's answer was material and that it would not have been used by a patent examiner if it had been brought to his or her attention?  The strict pleading requirements imposed on this defense and counterclaim by the Federal Circuit cannot be met by inferences where adequate pleading would obviate the need

---

[2] The plaintiff does not challenge the defendant's pleading of the "when" element of inequitable conduct.  Motion at 13 n.5.

for inferences.   Reasonable inferences are allowed only with respect to the alleged actors'
knowledge and intent.  *Exergen*, 575 F.3d at 1327-31.

### E.  Intent to Deceive

Intent to deceive may not be inferred solely from the fact that certain identified
information was not disclosed.  *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1321 (Fed. Cir.
2010).   The plaintiff contends that the defendant offers only the identification of potential
competitors in a confidential, draft business document written at SurfCast in September 1999 as
evidence of specific intent to deceive, and that this is insufficient.  Motion at 3-4, 15-16.  The
defendant responds that its pleading alleges facts that support a reasonable inference of specific
intent.  Opposition at 16-19.

In the absence of an allegation that a specific individual with a duty of disclosure knew of
each prior reference, knew that it was material, and made a deliberate decision to withhold it, let
alone the facts underlying such an allegation, the defendant's pleading does not meet the
*Exergen* standard on this issue.  *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276,
1290 (Fed. Cir. 2011).

### F.  Additional Requests

The plaintiff asks that its motion be granted with prejudice because the defendant's
pleading of inequitable conduct "is the exact type of unsubstantiated vagaries which *Therasense*
and *Exergen* sought to correct and eradicate."  Motion at 17.   This overstates the case.

The Federal Circuit has characterized the inequitable conduct defense as "the 'atomic
bomb' of patent law."  *Therasense*, 649 F.3d at 1288.  Over the past 30 years, it has observed
that

> [i]nequitable conduct has been overplayed, is appearing in nearly every
> patent suit, and is cluttering up the patent system.  The habit of charging

> inequitable conduct in almost every major patent case has become an absolute plague.  Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps.

*Id.* at 1289 (citations and internal punctuation omitted).  This does not mean, however, that every attempt to plead inequitable conduct is by definition sanctionable.

The defendant here has not met the strict pleading requirements that have evolved from the habit decried by the Federal Circuit.  However, it is not apparent that there are no circumstances under which it might have done so.  On several of the pleading elements, the question was a close one.

The defendant also makes a request.  As an alternative to denial of the motion to dismiss, it asks that "the Court hold off ruling on the motion until Microsoft can take discovery into these matters or that the Court grant Microsoft leave to file a Second Amended Answer after such discovery can take place."  Opposition at 20.  In the almost two months since the defendant filed its opposition to the motion, it has not informed the court about any discovery that it may have undertaken on this issue, let alone any suggestion that the plaintiff has resisted or attempted to delay such discovery in any way.  Nor has the defendant described what discovery it would undertake and how long a delay it would expect before it could fortify its pleadings sufficiently.

The defendant offers no justification for either of the delays it seeks.  I see no reason to delay the progress of this case while the defendant searches for evidence that may not exist.  The deadline for amending pleadings has already passed in this case.  Should the defendant at some point decide that it wishes to try again to add the issue of inequitable conduct to this action, it may seek leave to do so, if it can meet its burden under the circumstances.

## IV.  Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to dismiss the defendant's third counterclaim and strike its eighth affirmative defense be **GRANTED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of June, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge