UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SURFCAST, INC. | ) |
|     Plaintiff, | ) ) ) |
|     v. | ) ) ) Case No. 2:12-cv-333-JDL |
| MICROSOFT CORPORATION | ) ) |
|     Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

**I.  PROCEDURAL BACKGROUND**

SurfCast, Inc. ("SurfCast") brought this action against Microsoft Corporation ("Microsoft") alleging infringement of United States Patent No. 6,724,403 ("the '403 Patent") by a complaint filed October 30, 2012.  ECF No. 1.  Microsoft has counterclaimed against SurfCast, asserting both that the '403 Patent is invalid and that the patent is unenforceable under the doctrines of inequitable conduct and unclean hands.  ECF No. 126.

In May 2013, Microsoft filed petitions with the United States Patent and Trademark Office ("PTO") requesting *inter partes* review ("IPR") of the '403 Patent.  *See* ECF No. 146-1; ECF No. 150.  The PTO issued a decision granting review in November 2013.  *Id.*  Soon thereafter, SurfCast moved to stay this litigation until the IPR reached a Final Written Decision.  ECF No. 150.  The Court (Woodcock, C.J.) denied the motion concluding, in part, that "waiting for the entire process to proceed through the PTO channels (including the likely appeals to the Federal Circuit) will likely add confusion and complexity."  *SurfCast, Inc. v. Microsoft Corp.*,  6 F. Supp.

3d 136, 143 (D. Me. 2014). The Court further observed that "[i]f the parties proceed briskly to dispositive motions and trial, the Federal Circuit will have the advantage of the outcome in this Court when considering the result of the IPR process." *Id*.

The current procedural posture of this case is that discovery has closed and a *Markman* order has been entered. Microsoft's motions for summary judgment on the issues of infringement and invalidity, SurfCast's motion to bifurcate Microsoft's inequitable conduct and unclean hands counterclaims, and the parties' respective *Daubert* motions have been fully briefed and were scheduled for hearing on November 5, 2014. A trial date has not been scheduled.

On October 14, the PTO issued its Final Written Decision in the IPR, finding that the '403 Patent is unpatentable as both obvious and anticipated by multiple prior art references. ECF No. 287-1. The PTO also denied SurfCast's request to amend the claims of the '403 Patent. *Id*. In response to the decision, Microsoft filed its Emergency Motion to Take the November 5, 2014 Hearing Off Calendar and its Motion to Stay the proceedings until any appeal of the PTO's decision to the Federal Circuit is completed. ECF No. 291; ECF No. 290. A hearing was held on the motions on November 5, 2014, in lieu of the hearing previously scheduled for that day, and it is these motions that are determined by this order.

## II. DISCUSSION

Because *inter partes* review is a relatively new process, the Federal Circuit has not yet spoken on the appropriate standard for evaluating motions to stay a related District Court action while IPR involving the same patent or patents is pending. District Courts have continued to apply the framework governing stays with respect

to the administrative process that preceded IPR, *inter partes* reexamination.[1]  *See, e.g., SurfCast*, 6 F. Supp. 3d at 143; *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, 1 n.1 (C.D. Cal. Dec. 19, 2012) ("The Court sees no reason why the three factor assessment would not still be relevant.").  Under this framework, I must consider: (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *Universal Electronics*, 943 F. Supp. 2d at 1030-31.  The analysis looks to the totality of the circumstances, *see Pi-Net Intern., Inc., v. Hertz Corp.*, 2013 WL

---

[1] *Inter partes* reexamination was an administrative examination process, while its successor, *inter partes* review, is an adjudicatory process:

> IPR is a relatively new procedure introduced by the Leahy–Smith America Invents Act ("AIA") through which the PTO's Patent Trial and Appeal Board ("PTAB") may review the patentability of one or more claims in a patent.  *See* Pub.L. No. 112–29, § 6(a), 125 Stat. 284, 299–304 (2011), codified at 35 U.S.C. §§ 311–319 (2013). This mechanism replaces the previous *inter partes* reexamination procedure and converts the process from an examinational to an adjudicative one. *See Abbot Labs. v. Cordis Corp.,* 710 F.3d 1318, 1326 (Fed.Cir.2013) (quoting H.R.Rep. No. 112–98, pt. 1, at 46–47 (2011)). Under this new procedure, any party other than the patent owner may file a petition to institute IPR in order to establish that the identified claims are invalid under 35 U.S.C. §§ 102 and/or 103. 35 U.S.C. §§ 311(a)–(b). The petitioner must rely "only on ... prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).  The patent owner may file a preliminary response "setting forth the reasons why no *inter partes* review should be instituted" within three months of the petition, or may expedite the proceeding by waiving the preliminary response. 37 C.F.R. § 42.107(a)–(b). The PTO must decide whether to institute IPR within three months of the patent owner's preliminary response, or in the event no response is filed, by the last date on which the response could have been filed. 35 U.S.C. § 314(b).
>
> If the PTO institutes IPR, the proceeding is conducted before a panel of three technically-trained Administrative Patent Judges of the newly-formed PTAB. *See* 35 U.S.C. §§ 6(a)–(c), 311. The parties are permitted to take limited discovery and respond to each other's arguments; they also have the right to an oral hearing. 35 U.S.C. §§ 316(a). The PTAB must, under most circumstances, issue its final determination within one year of the institution date. 37 C.F.R. § 42.100(c).  After receiving a final determination from the PTAB, the parties have the option to appeal to the Federal Circuit.  35 U.S.C. §§ 141(c), 319.

*Personalweb Techs., LLC v. Google Inc.*, 2014 WL 4100743, 2-3 (N.D. Cal. Aug. 20, 2014).

7158011, 1 (C.D. Cal. June 5, 2013), and while prior decisions may prove instructive, the inquiry is largely case specific, *see TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, 2013 WL 6021324, 1 (N.D. Cal. Apr. 28, 2014).

### A. Stage of the Litigation

The timing factor "requires the court to consider the progress already made in the case." *Personalweb Techs., LLC v. Google, Inc.*, 2014 WL 4100743, 4 (N.D. Cal. Aug. 20, 2014). The earlier the stage of proceedings, the greater the reason to grant a stay. *See id.* (finding the timing factor was "neutral" when discovery was closed and a *Markman* order had been issued, but before motions for summary judgment were briefed); *Universal Electronics*, 943 F. Supp. 2d at 1031-32 (finding the facts "weigh[ed] against a stay" where a *Markman* order had been issued and discovery had begun but not yet closed).

Here, procedural circumstances press on both sides of the scale. On the one hand, a trial date has not been set and a large volume of work remains before trial including the resolution of the pending summary judgment, *Daubert*, and other motions, as well as likely motions *in limine* and other pre-trial proceedings. On the other hand, discovery is complete, a *Markman* order has been issued, *see SurfCast*, 6 F. Supp. 3d at 139, and briefing is complete on the pending summary judgment, *Daubert*, and related motions.

Ordinarily, the significant progress made to date would weigh against the grant of a stay. However, in the event this case is not stayed, I would grant Microsoft's request to reopen discovery and briefing on the outstanding motions in order for the parties to address the Final Written Decision's relevance to the motions.

*See* ECF No. 291 at 6; *Inventio AG v. Otis Elevator Co.*, 2011 WL 3359705, 2 (S.D.N.Y. June 23, 2011) (noting *inter partes* reexamination materials were "highly relevant" to issue of objective recklessness); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1075 (C.D. Cal. 2010) (noting relevance of PTO decision to grant *inter partes* reexamination request to issue of willful infringement in summary judgment analysis). Accordingly, I conclude that the timing factor is neutral as to whether a stay should be granted.

**B.     Simplification**

Turning to the potential for a stay to simplify the issues, a "stay is particularly justified where the outcome [of PTO proceedings] would be likely to assist the court in determining patent validity and, if the claims were canceled . . . would eliminate the need to try the infringement issue." *In re Cygnus Telecommunications Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2006) (conducting stay analysis in the *inter partes* reexamination context). This is particularly true where all of the patent claims before the District Court have been or will be presented to the PTO. *See Softview LLC v. Apple, Inc.*, 2013 WL 4757831, 1 (D. Del. Sept. 4, 2013).

All of the claims in dispute in this Court are addressed in the Final Written Decision. *See* ECF No 287-1 at 2. If the Federal Circuit upholds the PTO's finding that the '403 Patent is unpatentable, the patent must be cancelled. *See* 35 U.S.C. § 318 (2012). In the event this litigation is not final before an appeal from the Final Written Decision is completed – a result that seems likely if this case proceeds to trial – then cancellation of the '403 Patent would require dismissal of SurfCast's infringement claims. *See Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (quoting *Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d

1337 (Fed. Cir. 1998)) (noting that "if the original claim is cancelled . . . the patentee's cause of action is extinguished and the suit fails."). An appellate ruling upholding the PTO's Final Written Decision would eliminate most of the issues before this Court.

Simplification of the issues should also occur, albeit to a lesser degree, if the outcome of an appeal from the Final Written Decision is at least partially favorable to SurfCast. As other courts have noted, "even if certain (or all) of the claims are ultimately confirmed, the Court will likely benefit. . . from the PTO's analysis of prior art that is later presented to the Court." *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, 4 (D. Del. Jan. 11, 2013). Moreover, a Federal Circuit finding for SurfCast may estop Microsoft from raising certain invalidity arguments in this Court. *See* 35 U.S.C. § 315(e)(2) (2012).

While a stay may ultimately simplify the resolution of this case, it is also possible that the denial of a stay could increase its complexity. As both parties have noted, ECF No. 150 at 1; ECF No. 290 at 6, the final resolution of IPR could result in amendments to SurfCast's patent claims. If the Federal Circuit reverses the PTO and allows SurfCast to amend the claims of the '403 Patent, much of the work already performed in this proceeding regarding the existing claims could be rendered moot.

For the foregoing reasons, I conclude that the likelihood that a stay will lead to the simplification of the issues weighs in favor of granting a stay.[2]

---

[2] My conclusion that a stay will lead to the simplification of the issues is not inconsistent with Chief Judge Woodcock's earlier order denying a stay in this matter. In denying SurfCast's December 2013 Motion to Stay, Chief Judge Woodcock noted that the uncertainty of the IPR process and the fact that SurfCast had not requested that a stay extend to an appeal taken from a Final Written Decision

## C. Prejudice

A stay of this case is unlikely to prejudice SurfCast, much less cause prejudice that rises to an undue level. Because the parties agree that they are not direct competitors, *see* ECF No. 150 at 7; ECF No. 290 at 8, there is no reason to conclude that a stay would adversely affect market competition. *Cf. Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 121640, 3 (N.D. Cal. Jan. 13, 2014) (quoting *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)) ("Courts are generally reluctant to stay proceedings where the parties are direct competitors."). Moreover, as noted above, SurfCast has previously sought a stay of this litigation. ECF No. 150. It is difficult to see how SurfCast would not have been prejudiced by a stay if it had been granted earlier, but will be prejudiced by a stay issued now. While SurfCast previously requested a stay only until the Final Written Decision issued and not pending appeal, *id.* at 10, SurfCast indicated at that time that it was "amenable to stay this litigation through the duration of the appeal period." ECF No. 154 at 3.

It is true that if this case is stayed and the Federal Circuit subsequently overturns the PTO and finds the '403 Patent valid, then SurfCast will have been temporarily prevented from asserting its rights as a patent-holder. However, mere delay does not rise to the level of undue prejudice. *See Pi-Net*, 2013 WL 7158011 at 4; *Universal Electronics*, 943 F. Supp. 2d at 1033. Given the opportunity to describe

---

weighed against granting a stay on the simplification issue. ECF No. 158 at 8. The circumstances of this case have changed with the passage of time. The IPR has produced a Final Written Decision (which, while subject to rehearing and appeal, provides at least a measure of predictability as to the outcome of the IPR process), and unlike SurfCast's stay request to Chief Judge Woodcock, the stay would be in effect throughout any appeal to the Federal Circuit. ECF No. 287-1; ECF No. 290.

the prejudice that would flow from a stay, SurfCast has done little more than assert that a stay would cause it prejudice. *See* ECF No. 294 at 2. SurfCast does argue that a stay will deny it its "day in Court", *id.* at 5, but does not contend that specific prejudice such as monetary harm or loss of evidence will result.

On the issue of tactics, SurfCast argues that Microsoft will gain an unfair tactical advantage if a stay is granted because the Federal Circuit will consider the appeal of the Final Written Decision without the benefit of this Court's claim construction and other rulings. ECF No. 294 at 7. To the extent that SurfCast fears that the Federal Circuit will not be aware of the Court's claim construction when it analyzes the claim construction of the PTO, Chief Judge Woodcock's *Markman* order is a published opinion that SurfCast could bring to the Federal Circuit's attention during appellate briefing and argument. *See SurfCast*, 6 F. Supp. 3d at 136.

SurfCast also argues that it will be tactically disadvantaged if the Federal Circuit reviews the IPR proceedings separately from this Court's claim constructions, because the PTO employs a claim construction standard that favors Microsoft.[3] ECF No. 294 at 5. However, no matter what the posture of an appeal, the Federal Circuit will review the PTO's claim constructions *de novo* and SurfCast will be free to advance the same positions on claim construction that it has advanced in this Court. *See In re Baker Hughes, Inc.*, 215 F.3d 1297, 1301 (Fed. Cir. 2000) ("[C]laim construction by the PTO is a question of law that we review *de novo* . . . just as we review claim

---

[3] The propriety of the PTO's use of the broadest reasonable interpretation claim construction in IPR proceedings is currently before the Federal Circuit in *In re: Cuozzo Speed Technologies, LLC*, No. 14-1301 (Fed. Cir. argued Nov. 3, 2014).

construction by a district court."). The simple fact that a stay may preclude the possibility of concurrent appeals does not hand Microsoft a clear tactical advantage.

I conclude that the low risk of either undue prejudice to SurfCast or clear tactical advantage to Microsoft weighs in favor of granting a stay.

### III.  CONCLUSION

Because I conclude that a stay will most likely simplify the issues in question, and that SurfCast is unlikely to suffer undue prejudice or a tactical disadvantage as a result of a stay, the balance of the relevant factors weighs in favor of a stay.

For the foregoing reasons, defendant's motion to stay is **GRANTED**. Either party may seek relief from the stay upon the entry of a decision of the Court of Appeals for the Federal Circuit or sooner if no appeal is taken from the Final Written Decision.

**SO ORDERED**.

Dated:  November 14th, 2014

/s/ Jon D. Levy
U.S. District Judge