# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SURFCAST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:12-cv-00333-JDL |
| | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE

This patent infringement case was originally filed in October 2012 by SurfCast, Inc., which alleged that Microsoft Corporation had infringed its patent: United States Patent No. 6,724,403. ECF No. 1. Microsoft counterclaimed against SurfCast, asserting that the patent was invalid and unenforceable under the doctrines of inequitable conduct and unclean hands. ECF No. 126. The case was stayed by order of this court on November 14, 2014 after the United States Patent and Trademark Office ("PTO")—as part of its *inter partes* review process—found that the patent was unpatentable. *See* ECF No. 300. SurfCast appealed the PTO decision to the Federal Circuit Court of Appeals, which affirmed the PTO's decision and denied SurfCast's petition for rehearing *en banc*.

The parties agree that this case should be dismissed because SurfCast's patent has been cancelled. They differ, however, on whether the dismissal should be with or without prejudice. SurfCast argues that the dismissal should be without prejudice because the U.S. Supreme Court granted certiorari in June 2017 in a case challenging

the constitutionality of the PTO's *inter partes* review process. *See Oil States Energy Services, LLC v. Greene's Energy Group, LLC*, No. 16-712 (cert. granted June 12, 2017). SurfCast suggests that the Supreme Court may find the *inter partes* review process unconstitutional and apply its decision retroactively, thereby extinguishing the PTO's decision cancelling SurfCast's patent. SurfCast argues that this case should be dismissed without prejudice so that it may reassert its infringement claims if the patent is revived, without having to resort to seeking relief under Federal Rule of Civil Procedure 60(b). Microsoft argues that the case should be dismissed with prejudice because the orders of the Federal Circuit and the PTO are final and SurfCast's claims in this proceeding are now moot.

SurfCast's argument rests on the premise that its patent—and, by extension, its infringement claim—will be revived in the event the Supreme Court holds that the PTO's *inter partes* review process is unconstitutional, and also explicitly holds that its decision will apply retroactively. I do not, however, have the benefit of briefing, a complete record, or even a live controversy to aid in my assessment of this hypothetical scenario. I therefore decline to decide the question of what effect, if any, the Supreme Court's decision in *Oil States* might have as to the enforceability of the patent at issue here. Because the Federal Circuit issued a final judgment settling the precise issue at issue in this case between these same parties, I will accord the judgment preclusive effect and dismiss SurfCast's claims with prejudice. *See AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) (noting that *res judicata* applies given final judgment on the merits on sufficiently related claim between the parties).

2

In addition, Microsoft asserted counterclaims in its answer to the Complaint, seeking a declaratory judgment that SurfCast's patent was unenforceable and invalid, and had not been infringed by Microsoft. The PTO's decision, which was affirmed by the Federal Circuit, ruled that SurfCast's patent was unenforceable and invalid. Microsoft does not point to any reason for it to continue to pursue its counterclaims at this juncture. The dismissal with prejudice will therefore apply to both SurfCast's claims and Microsoft's counterclaims.

Accordingly, SurfCast, Inc.'s Amended Complaint (ECF No. 19) and Microsoft Corporations Counterclaims (ECF No. 126) are **DISMISSED**, with prejudice.

**SO ORDERED.**

**Dated this 21st day of August 2017**

/s/ JON D. LEVY
U.S. DISTRICT JUDGE