# UNITED STATES DISTRICT COURT
## District of Maine

SURFCAST, INC.           )
                                 )
      Plaintiff ,         )
                                 )      No. 2:12-cv-00333-JDL
v.                          )
                                 )
                                 )
MICROSOFT CORP.,     )
                                 )
      Defendant.     )

## ORDER ON BILL OF COSTS

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to submit a Bill of Costs requesting the taxation of costs that are permitted by statute, saying "[u]nless a federal statute, these rules, or a court order provides otherwise, costs … should be allowed to the prevailing party."  Defendant is the prevailing party in this case in that judgment was entered dismissing the case with prejudice as to Plaintiff Surfcast's Amended Complaint.  *Judgment*, ECF No. 316.

Defendant seeks costs in the total amount of $105,131.67 for transcript fees and for the exemplification and copy costs associated with electronic discovery in this case.  *Bill of Costs* and *Memorandum in Support of Bill of Costs*, ECF Nos. 319 and 319-1.  Pursuant to the authorizing statute, expenses that may be taxed are specified in 28 U.S.C. § 1920 and must be costs that were "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924.  Having made an independent review of the Bill of Costs in this case and Plaintiff's Objection to the Bill (*Response to Bill of Costs*, ECF No. 320),  the Clerk hereby orders costs as explained below.

Where Plaintiff has not objected to it, the parties appear to agree that the transcript fee claimed in the amount of $103.50 should be taxed.  The transcript, which was of the August 30, 2013 Markman hearing, was produced at the request of Defendant.  Where this is a patent case, and such a hearing is essential for pretrial pleading work, the Clerk finds that the transcript was necessarily incurred in the case, and $103.50 will taxed against Plaintiff.

The propriety of taxing Defendant's remaining claim of $105,028.17 for the production of electronic discovery (ESI) is less clear.  Prevailing parties are entitled to recover the statutorily authorized costs for copying under 28 U.S.C. § 1920(4), which states that the fees should be "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

In its memorandum supporting the Bill of Costs, Defendant cites several courts that have found "e-discovery costs as appropriately falling within the scope of section 1920(4)."  *Memorandum in Support of Bill of Costs*, ECF No. 319-1, p. 1, citing *In re Ricoh Co., Ltd Patent Litig.*, 661 F.3d 1361 (Fed. Cir. 2011) and others. *Id.* at pp 2-3.  The cases cited by Defendant are persuasive for the proposition that electronic production of documents may constitute "exemplification" or "costs of making copies" within the meaning of subsection 1920(4); but they also implicitly acknowledge that not all ESI activities are copies.  Where the First Circuit has not expressly addressed the issue of whether or not subsection 1920(4) includes electronic discovery production and to what extent electronic discovery production

activities amount to copying or exemplification, the Clerk is reluctant to expand the meaning of § 1920(4) in this case.

The Supreme Court has held that Rule 54(d)(1) permits the Court to decline costs but not to tax costs in the absence of expressed statutory authority. *Crawford Fitting Company v. J. T. Gibbons*, 482 U.S. 437, 441-445 (1987). *See also Farmer v. ARAMCO*, 379 U.S. 227, 235 (1964) [(warning that "the discretion given to district judges should be sparingly exercised with reference to expenses not specifically allowed by statute" and cited by the First Circuit in *Templeman v Chris Craft Corp.*, 770 F.2d 245 at 248 (1st Cir. 1985)].

The Clerk must also be aided by sufficiently supportive and demonstrably necessary and explanatory documentation. The First Circuit has said that, to be taxable, copies must be "reasonably necessary to the maintenance of the action" or furnished to the Court and opposing counsel. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990). "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F.Supp.2d 192, 210 (D.R.I.2008) (internal quotations and citations omitted). *See also In re Motor Freight Express*, 80 Bankr.44 (Bankr.E.D.Pa.1987) quoted in *In re San Juan Dupont Plaza Hotel Fire Litigation*, 111 F.3d 220, 237 (1st Cir.1997).

Despite the 310 pages of documents provided to justify the hefty ESI claim in this case, there is insufficient explanation about the necessity of the copies, the necessity of the ESI procedures described (i.e. ESI Processing, ESI Pre-Processing-Data Triage, Production Setup, TIFF to PDF Conversion, Export, TIFF Creation,

Production-TIFF, etc. ), or how the enumerated ESI procedures constitute steps of exemplification or making copies.  Copies must further be necessarily obtained for use in the case.  The prevailing party may not recover expenses for copies made for the attorneys' convenience or regarding issues upon which they have not prevailed. *See Virginia Panel Corp v. Mac Panel Co.*, 887 F. Supp 880, (W.D. Va. 1995).

As noted in the case cited by Defendant, phrases such as "document production" on an invoice and "other similarly generic statements…are unhelpful in determining whether those costs are taxable." *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361 at 1368 (2011).  The *Ricoh* court held that inadequate documentation did not support an award of taxation because "a bill of cost must represent a calculation that is reasonably accurate under the circumstances." *Id.* at 1368. [citing *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371 at 1380 (Fed.Cir. 2006) after citing *English v. Colo. Dept. of Corr.* 248 F.3d 1002 at 1013 (documentation is not to be filled with generic references)].

Plaintiff has ably cited a number of persuasive cases, such as *Race Tires Am. Inc. v. Hoosier Racing Tire Corp.* 674 F.3d 158, (3rd Cir. 2012), that seem to have support in not only the Third Circuit, but also the Fourth, Sixth and Ninth.  As the Third Circuit synoptically explained in *Camesi v. University of Pittsburgh Medical Center*, 673 Fed. Appx. 141 at 145 (2016), while citing *Race Tires*, "As with pre-digital era discovery, ESI entails a number of steps essential to the ultimate act of production.  Just as none of the steps that preceded the actual act of making copies in the pre-digital era would have been considered taxable, with ESI only the

functional equivalent of 'making copies' is taxable." *Id*. (quotations and citations omitted). Finding the *Race Tires* court's logic persuasive, the Clerk cannot make a clear finding of taxation in this case without an adequate explanation of Defendant's claims. The Clerk cannot determine if the charges are for data collection, culling, sorting, conversion to agreed-upon formats, production or taxable copying and exemplification.

Therefore, in light of the prevailing party's failure to adequately explain and demonste necessity, and in light of the traditionally narrow construction of § 1920(4), the Clerk will not tax the charges claimed for ESI work in this case. Like the *Race Tires* court, the Clerk derives "no Congressional intent to 'shift all the expenses of a particular form of discovery—production of ESI—to the losing party," especially in light of the limited record in this case. *Race Tires Am. Inc.*, 674 F.3d at 171.

## ORDER

The Clerk of Court hereby taxes costs in favor of Defendant in the amount of one hundred and three dollars and fifty cents ($103.50).

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 28th day of November, 2017